STEVEN H. BERGMAN [13641]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
 *Attorneys for Underbelly Creative, LLC*
111 E. Broadway, Suite 400
Salt Lake City, UT 84111
Email: steven-bergman@rbmn.com
       kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No. (801) 532-5506

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH, NORTHERN DIVISION

| UNDERBELLY CREATIVE, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BOOSTED, INC., a Delaware corporation,<br><br>Defendant. | **COMPLAINT**<br><br>Case Civil No. 2:20-cv-00209-DAK<br><br>Judge Dale A. Kimball |
|---|---|

Plaintiff Underbelly Creative, LLC ("Underbelly"), through its undersigned counsel of record, hereby files this Complaint and alleges against Boosted, Inc., a Delaware corporation ("Boosted"), as set forth below.

## PARTIES, JURISDICTION, VENUE

1. Underbelly is a Utah limited liability company whose headquarters and principal place of business are in Salt Lake City, Utah.

2. Underbelly's sole member, Anthony Lagoon, is a resident of Salt Lake County, Utah.

3. Boosted is a Delaware corporation whose headquarters and principal place of business are in Mountain View, California.

4. The matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states. Subject matter jurisdiction, therefore, is proper in this Court pursuant to 28 U.S.C. §1332.

5. Subject matter jurisdiction is also proper pursuant to 17 U.S.C. § 501, *et al.*

6. Venue is proper in the District of Utah pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to these claims occurred here.

7. Boosted negotiated and entered into a contract with Underbelly, a resident of Utah. All of the work that Underbelly performed under the contract was performed in Utah. Boosted regularly communicated with Underbelly regarding the specific work it wanted Underbelly to complete. Therefore, the Court has specific jurisdiction over Boosted because it entered into a contract within the District of Utah, Northern Division, and that contract forms the basis for this action.

## STATEMENT OF FACTS

8. On March 1, 2018, Underbelly and Boosted entered into an agreement by which Underbelly agreed to redesign the Boosted Board website (the "Agreement"). A true and correct copy of the Agreement is attached as Exhibit 1.

9. Specifically, Underbelly developed the backend of Boosted's purchasing website, which enables Boosted to sell its products through its website.

10. The Agreement provides that copyright for the code Underbelly created for the project would not be assigned to Boosted until its final payment clears. (*See* Ex. 1. at p. 3.)

11. Boosted initially agreed to pay Underbelly $27,000 and the trade value of two new Boosted Stealth Boards and two new Boosted Kick Boards. (*See id.* at p. 1.)

12. The initial term of the Agreement was from February 23, 2018, to March 21, 2018. The parties agreed that at the end of that term, they would have the ability to continue that relationship. The parties also agreed that if Boosted wanted to add anything outside of the initial scope, they could amend their agreement accordingly. (*See id.* at p. 2.) The parties agreed that changes in scope would be billed separately and hourly. (*See id.* at p. 5.)

13. After the Agreement's initial term ended, Boosted continued to solicit work from Underbelly to develop its purchasing website.

14. Underbelly billed Boosted separately and hourly for the additional work requested.

15. Underbelly completed all of the work that Boosted requested.

16. Because of Underbelly's work, the Boosted website was functional and enabled Boosted to complete sales of its products.

17. On February 28, 2019, Underbelly issued Boosted Invoice #9717 for $31,514.20. Boosted paid this invoice.

18. On March 31, 2019, Underbelly issued Boosted Invoice #9726 for $28,254.00. Boosted paid this invoice.

19. On April 30, 2019, Underbelly issued Boosted Invoice #9749 for $33,429.10. A true and correct copy of this invoice is attached as Exhibit 2.

20. Payment was due 30 days after the date of the invoice. To date, the April 30, 2019 Invoice #9749 has not been paid.

21. On May 31, 2019, Underbelly issued Boosted Invoice #9755 for $41,690.20. A true and correct copy of this invoice is attached as Exhibit 3.

22. Payment was due 30 days after the date of the invoice. To date, the May 31, 2019 Invoice #9755 has not been paid.

23. On June 30, 2019, Underbelly issued Boosted Invoice #9774 for $4,195.80. A true and correct copy of this invoice is attached as Exhibit 4.

24. Payment was due 30 days after the date of the invoice. To date, the June 30, 2019 Invoice #9774 has not been paid.

25. On July 31, 2019, Underbelly issued Boosted Invoice #9791 for $170.00. A true and correct copy of this invoice is attached as Exhibit 5.

26. Payment was due 30 days after the date of the invoice. To date, the July 31, 2019 Invoice #9791 has not been paid.

27. Underbelly notified Boosted when each of the past-due invoices referenced above were past-due and requested payment.

28. In response to these requests, Boosted never disputed that the work was performed, but instead promised to pay those past-due invoices at a later date.

29. Boosted has continued to use the purchasing website that Underbelly created to sell its products.

30. To date, Boosted still has not paid any of the outstanding invoices.

## FIRST CAUSE OF ACTION
**(Breach of Contract)**

31. Underbelly realleges the facts set forth in paragraphs 1 through 30 above.

32. Underbelly and Boosted entered into the Agreement.

33. The material terms of the Agreement were that Underbelly would provide coding services to Boosted, and Boosted would pay for that code. (*See* Ex. 1.)

34. Underbelly performed all of its duties under the Agreement by completing the work requested by Boosted, delivering Boosted a functional purchasing website, and fulfilling all other obligations.

35. Boosted has breached the Agreement by failing to pay Underbelly the amounts owed as reflected in Invoices #9749, #9755, #9774, and #9791.

36. As a result of these breaches of contract, Underbelly has sustained damages. The amount of Underbelly's damages is at least $79,485.10, exclusive of interest.

37. Interest on the unpaid invoices will continue to increase as this case progresses toward trial.

## SECOND CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing)**

38. Underbelly realleges the facts set forth in paragraphs 1 through 37 above.

39. The Agreement is a contract between Underbelly and Boosted and therefore contains an implied covenant of good faith and fair dealing.

40. By reason of its conduct, Boosted has violated the implied covenant of good faith and fair dealing by:

    a. Failing to timely pay Underbelly's invoices for the work that Underbelly performed;

5

     b. Misleading Underbelly by promising to pay the invoices at a later date when it had no intention of doing so; and

     c. Continuing to use the code Underbelly created for this project for its financial gain and to the detriment of Underbelly.

  41. These actions are inconsistent with the agreed common purpose of the Agreement.

  42. Boosted's actions deprived Underbelly of its justified expectations under the Agreement.

  43. Boosted's actions impaired Underbelly's right to receive the fruits of the Agreement.

  44. Boosted's breach of the implied covenant of good faith and fair dealing has caused Underbelly to suffer damages in an amount to be determined at trial, including but not limited to the amounts alleged above.

### THIRD CAUSE OF ACTION
**(Conversion)**

  45. Underbelly realleges the facts set forth in paragraphs 1 through 44 above.

  46. Underbelly created the code that Boosted needed for its purchasing website.

  47. The code that Underbelly created is a company asset of Underbelly, and Boosted's right to use the code is contingent upon Boosted paying the total purchase price for the code.

  48. Boosted has not paid the total purchase price for the code.

  49. Underbelly owns and is entitled to the immediate possession of the code it created for the project, which is currently being used by Boosted for its purchasing website.

50. Pursuant to the Agreement, Underbelly has not assigned the copyright to the code to Boosted because Boosted has not made the final payment.

51. Boosted still owes Underbelly at least $79,485.10 for the code.

52. Underbelly still owns the copyright to the code it created for Boosted.

53. Because Boosted is using the code without paying for it in full, Boosted has wrongfully detained and/or converted Underbelly's property.

54. Boosted's wrongful detention of said property prevented Underbelly from using the same in the furtherance of its business, to its detriment and damage.

55. As a result, Underbelly is entitled to replevin of the code it created for Boosted's purchasing website.

56. Underbelly is also entitled to damages for Boosted's unlawful detention and conversion of Underbelly's property.

### FOURTH CAUSE OF ACTION
### (Copyright Infringement)

57. Underbelly realleges the facts set forth in paragraphs 1 through 56 above.

58. Underbelly was the sole creator of code to enable Boosted's purchasing website.

59. Underbelly never assigned the copyright in the code to Boosted or any other person or entity.

60. Boosted violated Underbelly's copyright in the code that it created by using said code to enable its purchasing website.

61. As a direct and proximate result of this copyright violation, Boosted is liable to Underbelly for damages in an amount to be proven at trial.

62. Underbelly is entitled to imposition of a constructive trust upon and disgorgement and payment to Underbelly of any and all profit realized by Boosted through its unauthorized use of Underbelly's code.

### FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

63. Underbelly realleges the facts set forth in paragraphs 1 through 62 above.

64. Underbelly created code for Boosted, thereby providing a benefit to Boosted.

65. Underbelly is owed at least $79,485.10 in unpaid compensation.

66. To allow Boosted to retain said benefit without compensating Underbelly in full for the reasonable value of its work would unjustly and inequitably enrich Boosted at Underbelly's expense.

67. To prevent said unjust enrichment, Underbelly is entitled to imposition of a constructive trust upon any revenues that Boosted received due in part or in full from the work that Underbelly provided to Boosted.

WHEREFORE, Underbelly prays for judgment in its favor and against Boosted as set forth in the Prayer for Relief below.

### PRAYER FOR RELIEF

WHEREFORE, Underbelly prays for relief as follows:

A. Under its First and Second Causes of Action, for entry of judgment in favor of Underbelly for breach of contract and for breach of the implied covenant of good faith and fair dealing against Boosted;

B. Under its Third Cause of Action, for recovery of its code it created for Boosted;

C. Under its Fourth Cause of Action, for damages in an amount to be proven at trial, and imposition of a constructive trust upon and disgorgement and payment to Underbelly of any and all profit realized by Boosted from its purchasing website;

D. Under its Fifth Cause of Action, judgment against Boosted for the value of services that Underbelly provided to Boosted;

E. For damages in an amount to be proven at trial;

F. For Underbelly's attorney fees incurred in this action;

G. For Underbelly's costs incurred in this action;

H. For pre-judgment and post-judgment interest under applicable law; and

I. For such further and other relief as the Court deems just and proper.

DATED this 30th day of March, 2020.

RICHARDS BRANDT MILLER NELSON

 /s/ Kristina H. Ruedas
STEVEN H. BERGMAN
KRISTINA H. RUEDAS
 *Attorneys for Underbelly Creative, LLC*