STEVEN H. BERGMAN [13641]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
 *Attorneys for Underbelly Creative, LLC*
111 East Broadway, Suite 400
Salt Lake City, Utah  84111
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: steven-bergman@rbmn.com
        kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No. (801) 532-5506

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNDERBELLY CREATIVE, a Utah limited liability company,<br><br>        Plaintiff,<br>vs.<br><br>BOOSTED, INC., a Delaware corporation,<br><br>        Defendant. | **Motion for Entry of Default and Default Judgment and Memorandum in Support**<br><br>Civil Case No. 2:20-cv-00209-DAK<br>Judge Dale A. Kimball<br>Magistrate Judge Dustin B. Pead |

Plaintiff Underbelly Creative, LLC, ("Underbelly") by and through counsel of record,

Steven H. Bergman and Kristina H. Ruedas of RICHARDS BRANDT MILLER NELSON,

pursuant to Rules 4, 12 and 55 of the Federal Rules of Civil Procedure, hereby submits this

Motion for Entry of Default and Default Judgment against Defendant Boosted, Inc., a Delaware

corporation ("Boosted").  This Motion is made on the grounds that Defendant Boosted has failed

to properly respond to the Summons and Complaint and the time to do so has passed.

## Statement of Facts

1.       On March 1, 2018, Underbelly and Boosted entered into an agreement by which Underbelly agreed to redesign the Boosted Board website (the "Agreement"). Specifically, Underbelly developed the backend of Boosted's purchasing website, which enables Boosted to sell its products through its website. (Compl. ¶¶ 8, 9.)[1]

2.       The Agreement provides that copyright for the code Underbelly created for the project would not be assigned to Boosted until its final payment clears. (*Id.* ¶ 10.)

3.       Boosted initially agreed to pay Underbelly $27,000 and the trade value of two new Boosted Stealth Boards and two new Boosted Kick Boards. (*Id.* ¶ 11.)

4.       The initial term of the Agreement was from February 23, 2018, to March 21, 2018. The parties agreed that at the end of that term, they would have the ability to continue that relationship. The parties also agreed that if Boosted wanted to add anything outside of the initial scope, they could amend their agreement accordingly. The parties agreed that changes in scope would be billed separately and hourly. (*Id.* ¶ 12.)

5.       After the Agreement's initial term ended, Boosted continued to solicit work from Underbelly to develop its purchasing website. (*Id.* ¶ 13.)

6.       Underbelly billed Boosted separately and hourly for the additional work requested. (*Id.* ¶ 14.)

7.       Underbelly completed all of the work that Boosted requested. (*Id.* ¶ 15.)

---

[1] Defendant Boosted has defaulted by not responding to the Complaint. Accordingly, the allegations of the Complaint are deemed admitted by Boosted. *See Skanchy v. Calcados Ortope SA*, 952 P.2d 1071, 1076 (Utah 1998).

8.     Because of Underbelly's work, the Boosted website was functional and enabled Boosted to complete sales of its products. (*Id.* ¶ 16.)

9.     On February 28, 2019, Underbelly issued Boosted Invoice #9717 for $31,514.20. Boosted paid this invoice. (*Id.* ¶ 17.)

10.    On March 31, 2019, Underbelly issued Boosted Invoice #9726 for $28,254.00. Boosted paid this invoice. (*Id.* ¶ 18.)

11.    On April 30, 2019, Underbelly issued Boosted Invoice #9749 for $33,429.10. Payment was due 30 days after the date of the invoice. To date, the April 30, 2019 Invoice #9749 has not been paid. (*Id.* ¶¶ 19, 20.)

12.    On May 31, 2019, Underbelly issued Boosted Invoice #9755 for $41,690.20. Payment was due 30 days after the date of the invoice. To date, the April 30, 2019 Invoice #9749 has not been paid. Payment was due 30 days after the date of the invoice. To date, the May 31, 2019 Invoice #9755 has not been paid. (*Id.* ¶¶ 21, 22.)

13.    On June 30, 2019, Underbelly issued Boosted Invoice #9774 for $4,195.80. Payment was due 30 days after the date of the invoice. To date, the June 30, 2019 Invoice #9774 has not been paid. (*Id.* ¶¶ 23, 24.)

14.    On July 31, 2019, Underbelly issued Boosted Invoice #9791 for $170.00. Payment was due 30 days after the date of the invoice. To date, the July 31, 2019 Invoice #9791 has not been paid. (*Id.* ¶¶ 25, 26.)

15.    Underbelly notified Boosted when each of the past-due invoices referenced above were past-due and requested payment. (*Id.* ¶ 27.)

3

16.     In response to these requests, Boosted never disputed that the work was performed, but instead promised to pay those past-due invoices at a later date. (*Id.* ¶ 28.)

17.     Upon information and belief, Boosted continued to use the purchasing website that Underbelly created to sell its products. (*Id.* ¶ 29.)

18.     To date, Boosted still has not paid any of the outstanding invoices.

19.     Plaintiff filed this action on March 30, 2020.

20.     Plaintiff served the Summons and Complaint on Defendant Boosted on May 5, 2020, when Amy McLaren, a registered agent for Defendant Boosted, was personally served at 1209 Orange St. Wilmington, DE 19801.  (*See* Summons to Boosted, Inc. [Doc. 7]; *see* Proof of Service filed May 6, 2020 [Doc. 8].)

21.     Defendant Boosted did not respond to the Summons and Complaint within the time allowed by Rule 12 of the Federal Rules of Civil Procedure. Having been served with the Summons and Complaint on May 5, 2020, Defendant Boosted should have responded to the Summons and Complaint by May 26, 2020, but did not.

## <u>Argument</u>

Plaintiff is entitled to entry of default and default judgment against Boosted because Boosted has failed to plead or otherwise defend against Plaintiff's Complaint. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55.

Service was effectuated on May 5, 2020 when Amy McLaren, registered agent for Boosted, was personally served with a copy of the Summons and Complaint. (*See* Doc. 7, Doc.

4

8.) The time to answer or otherwise respond to the Complaint expired on May 26, 2020, 21 days after service. *See* Fed. R. Civ. Pro. 12(a). Boosted has never answered the Complaint. Therefore, Plaintiff is entitled to the entry of a Default on all claims against Defendant Boosted.

### Amount of Default Judgement

Plaintiff's Complaint alleges claims based on breach of contract. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk [. . .] must enter a judgment in that amount." Fed. R. Civ. P. 55(b)(1). As set forth in the Complaint, Underbelly agreed to redesign the Boosted Board website for Boosted in exchange for payment. (Compl. ¶ 8.) The parties' Agreement provided that that the copyright for the code that Underbelly created for the project would not be assigned to Boosted until its final payment clears. (*Id.* ¶ 10.) Underbelly performed under the Agreement and created code for Boosted, which Boosted, in turn, used for its benefit in advertising and selling their products on the platform that Boosted created. Boosted agreed to pay Underbelly a total of $166,253.30 under the Agreement, but to date, has only paid $86,768.20 to Underbelly. (*Id.* ¶¶ 8, 14.) As a direct and proximate result of that breach, Plaintiff has been damaged in a sum certain of at least $79,485.10, representing the amount owed to Underbelly under the Agreement. Accordingly, Plaintiff is entitled to damages for breach of contract from Defendant Boosted in the amount of $79,485.10 plus interest.

Using the legal rate of 10% per annum, *see* 28 U.S.C § 1961; Utah Code Ann. § 15-1-1(2), the daily accrual is $21.78, consisting of the amount of damages, $79,485.10, times the prejudgment rate of 10%, divided by 365. As of the date of this Motion, the total amount of prejudgment interest owed is $3,223.44, based on the daily accrual of $21.78 over 148 days from March 30, 2020, i.e. the date of filing the Complaint.

**<u>Conclusion</u>**

Defendant Boosted has failed to plead or otherwise defend this action. Therefore, Plaintiff respectfully requests the entry of default against Defendant on all its claims, and a default judgment against Defendant Boosted for breach of contract in the amount of $79,485.10 plus prejudgment interest of $3,092.76.

DATED this 25th day of August, 2020.

RICHARDS BRANDT MILLER NELSON

/s/ Kristina H. Ruedas
_____
STEVEN H. BERGMAN
KRISTINA H. RUEDAS
*Attorneys for Underbelly Creative, LLC*

G:\EDSI\DOCS\22029\0006\1AF0022.DOCX

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of August, 2020, I electronically filed the foregoing **Motion for Entry of Default and Default Judgment and Memorandum in Support** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following persons identified below as indicated:

Boosted, Inc.        ✓  U.S. Mail – Postage Prepaid
c/o The Corporation Trust Company – ____  Hand Delivery
Registered Agent        ____  Electronic Filing
Corporation Trust Center     ____  Email
1209 Orange Street
Wilmington, DE  19801


           */s/ Kristina H. Ruedas*
           _____

G:\EDSI\DOCS\22029\0006\1AF0022.DOCX

7